UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00186-GNS-HBB

MERLIN D. OVERHOLT                                                                                    PETITIONER

v.

JAMES DAVID GREEN, Warden                                                                      RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner's Objection (DN 14) to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R. & R.") (DN 13). For the following reasons, the R. & R. is **ADOPTED**, and Petitioner's Objection is **OVERRULED**. Petitioner's Petition for Writ of Habeas Corpus (DN 1) is **DISMISSED**.

### I.     BACKGROUND

The facts and procedural history of Petitioner Merlin D. Overholt's ("Petitioner" or "Overholt") claim are not in dispute. (*See* R. & R. 1-4, DN 14). The Supreme Court of Kentucky summarized the relevant facts as follows:

> On the evening of January 29, 2008, the parents of a four-year-old child arrived at Overholt's home and confronted him with sexual abuse allegations that the child had made against him. Earlier that day, the child had been left in the care of Overholt and his wife, who ran an informal daycare in their home. After confronting Overholt, the parents took the child to the hospital for an examination, whereupon Kentucky State Police Trooper, Brad Bowles, was called to investigate the sexual abuse complaint. Upon learning that Overholt was the alleged perpetrator, Trooper Bowles went to Overholt's home. At Trooper Bowles' request, Overholt followed him to the Logan County Sheriff's office to discuss the complaint. Trooper Bowles interviewed Overholt for a little over an hour, during which time Overholt confessed to several instances of sexual abuse of various children who had been left in his and his wife's care. Consequently, a Logan County Grand Jury issued a 149-count indictment against Overholt. The

charges, which stemmed from Overholt's confession to various acts involving ten different minors, included sodomy, sexual abuse, and unlawful transaction with a minor. When the trial court denied Overholt's motion to suppress his confession, he entered a conditional plea to [one count of first-degree sodomy and six counts of first-degree sexual abuse], reserving the right to appeal the trial court's suppression ruling.

*Overholt v. Commonwealth*, No. 2008-SC-000906-MR, 2010 WL 2471843, at *1 (Ky. June 17, 2010). The trial court sentenced Petitioner to 35 years for the sodomy offense and five years each for the sexual abuse offenses, to run concurrently for a total of 35 years' imprisonment. *Id.* Overholt then appealed the trial court's suppression ruling, arguing "that his interview with Trooper Bowles constituted a custodial interrogation and that his resulting confession must be suppressed" because he was not advised of his *Miranda* rights and was subjected to "coercive questioning by Trooper Bowles." *Id.* at *1-3. The Supreme Court of Kentucky agreed with "the trial court's conclusion that Overholt was not in custody at the time of his confession[,]" and upheld the trial court's denial of Petitioner's motion to suppress. *Id.* at *3. The opinion was issued on June 17, 2010; Petitioner did not file an application for state post-conviction relief under Ky. R. Crim. P. 11.42, or other collateral review.

On November 16, 2017, Petitioner, through counsel, filed his Petition and supporting affidavit with this Court. (Petition Writ Habeas Corpus, DN 1 [hereinafter Petition]; Pet'r's Aff., DN 1-3). Petitioner's sole ground for relief is his claim that the Kentucky Supreme Court unreasonably applied clearly established federal law in its finding that he was not in custody during the interrogation. (Pet. 6; Mem. Supp. Pet. Writ Habeas Corpus 8-14 [hereinafter Pet'r's Mem.]). Petitioner avers that his petition is timely under 28 U.S.C. § 2244(d)(1)(D) "because he is filing the instant petition within one year after Overholt discovered his federal claim" in June 2017. (Pet'r's Mem. 1; Pet'r's Aff. 1-2). In the alternative, Petitioner argues that equitable

tolling should apply to allow his claim, and his claims must be addressed to prevent manifest injustice. (Pet. 13-14; Pet'r's Mem. 1, 14-21).

## II.     JURISDICTION

This Court has jurisdiction to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254(a).

## III.     STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), applies to all habeas corpus petitions filed after April 24, 1996, and requires "heightened respect" for legal and factual determinations made by state courts. *See Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). Section 2254(d), as amended by AEDPA, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This is a "difficult to meet and highly deferential standard . . . ." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks omitted) (internal citation omitted) (citation omitted). Legal conclusions made by state courts are also given substantial deference under AEDPA. The Supreme Court has concluded that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded

jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 569 U.S. 505, 508-09 (2013) (per curiam) (internal quotation marks omitted) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

When reviewing a magistrate judge's report and recommendation regarding a prisoner's petition for a writ of habeas corpus, "[a] judge . . . shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections "wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (internal quotation marks omitted) (citation omitted)).

## IV. DISCUSSION

On April 3, 2018, Magistrate Judge Brennenstuhl issued an R. & R. recommending dismissal of the Petition for Writ of Habeas Corpus as untimely, rejecting Petitioner's arguments in favor of equitable tolling. (R. & R. 4-13). Petitioner raises five objections to the R. & R.; only one, however, is a true objection rather than objection to the Magistrate Judge's conclusions based on a recitation of the same arguments previously presented in his petition. (*Compare* Pet'r's Obj., DN 14, *with* Pet. *and* Pet'r's Mem.). Having reviewed for clear error, the Court finds that these objections are unfounded and the R. & R.'s conclusions sound.

The only objection properly raised by Petitioner is to the Magistrate Judge's recommendation that Petitioner be denied a certificate of appealability. (Pet'r's Obj. 3). He argues that he has made the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c) that his Fifth Amendment right to counsel was violated by the interrogation at issue. (Pet'r's Obj. 3).

The Court undertakes a two-pronged inquiry to determine whether a certificate of appealability should issue on a habeas claim denied on procedural grounds, as here: (1) would jurists of reason find it debatable whether the petition states a valid claim of the denial of a constitutional right; and (2) would jurists of reason find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* at 484. "Each component of the [Section] 2253(c) showing is part of a threshold inquiry, and a Court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue of whose answer is more apparent from the record and arguments." *Id.* at 485.

As noted in the R. & R., a plain procedural bar is present in this case, and reasonable jurists would not find it debatable whether Overholt's petition is time-barred. (R. & R. 13). The Court agrees, and will deny Petitioner a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objection to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 14) is **OVERRULED**;

2. The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 13) are **ADOPTED** as and for the opinion of this Court;

3. Petitioner's Petition for Habeas Relief (DN 1) is **DISMISSED**;

4. The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
June 15, 2018

cc: counsel of record